IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LEONARD W. GIDDENS, JR., | : | |
| Plaintiff | : | |
| VS. | : | **1 : 05-CV-112 (WLS)** |
| Warden KEVIN ROBERTS, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this § 1983 action are two (2) motions for preliminary injunction filed by the plaintiff. The plaintiff filed this action in August 2005, raising allegations of deliberate indifference to the risk posed by environmental tobacco smoke at Calhoun State Prison. In his motions for injunctive relief, the plaintiff seeks a court order prohibiting the sale of tobacco products at the prison.

In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motions reveals no basis for the issuance of an injunctive order. The plaintiff maintains that environmental tobacco smoke in the prison causes him to suffer headaches and may result in more serious disease.  Plaintiff has not established that he is entitled to the injunctive relief requested or that no other relief is available to address his alleged injuries, having failed to identify any specific threat of irreparable injury that is directly related to the sale of tobacco products.  Accordingly, it is the recommendation of the undersigned that the plaintiff's motions for temporary restraining orders be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof. **SO RECOMMENDED**, this 19th day of June, 2006.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb