**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

|  |  |  |
|---|---|---|
| LEONARD W. GIDDENS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO.  1:05-CV-112 (WLS) |
| | : | |
| Warden KEVIN ROBERTS, et al., | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

This is a section 1983 action brought by a State of Georgia prisoner who, at all times pertinent to the circumstances giving rise to this lawsuit, was an inmate at Calhoun State Prison in Morgan, Georgia.  The defendants herein appear to be Kevin Roberts, the then Warden of Calhoun State Prison, Captain Karen Douglas, Dwight Ayers, MD, Medical Director at Calhoun State Prison and Larry Edwards, a physicians assistant.

The gravamen of plaintiff's complaint is that the defendants do not enforce the prison policy banning smoking inside the prison buildings thus exposing plaintiff to environmental or second hand tobacco smoke ("ETS") in violation of his Eighth Amendment right against cruel and unusual punishment.  Plaintiff also maintains that this exposure to environmental tobacco smoke is adversely affecting his health, a situation to which the "medical" defendants are being deliberately indifferent.

The defendants have filed a motion for summary judgment (doc. # 21) supported by their brief (doc. # 22), their statement of undisputed material facts (doc. # 23), and sworn affidavits of defendants Roberts, Douglas and Ayers (doc. # 24-26). Subsequent to his being given notice of

1

the filing of defendants' motion, plaintiff filed a response in opposition to the granting of the motion (doc. # 30).

***Summary Judgment Standard***

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235 (11th Cir. 1992)(citing <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). <u>When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial.</u> <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 606-608 (11th Cir. 1991) (emphasis added).

***Discussion***

Plaintiff and defendants agree that Calhoun State Prison has a policy banning smoking inside the prison buildings. Plaintiff maintains that this policy is not being enforced while defendants contend that the policy is enforced and that when caught offending inmates are issued disciplinary reports.

The law on this on exposure to ETS is controlled by the United States Supreme Court case of <u>Helling v. McKinney</u>, 509 U.S. 25 (1993) and its progeny wherein it has been determined

that, upon a proper showing, and under the proper circumstances, exposure to ETS can amount to an Eighth Amendment violation. In this regard see also Scott v. District of Columbia, 139 F.3d 940 (D.C. Cir. 1998), and Kelley v. Hicks, 400 F.3d 1282 (11th Cir. 2005), a case that is factually very similar to the one presently before the court.

In Helling (which involved the issuance of an injunction as opposed to a motion for summary judgment) it was determined that in order to state an Eighth Amendment claim for a exposure to ETS a prisoner plaintiff must allege "that petitioners have with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." Helling, 509 U.S. at 35. The D.C. Circuit then stated in Scott (also an injunction case) that, "[m]issing entirely from the plaintiff's affirmative case was any objective evidence of the level of second hand smoke. There was no 'scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that . . . . injury to health will actually be caused by exposure.'" Helling, 509 U.S. at 36, Scott, 139 F.3d at 942. Finally, in Kelley, (a case in which the district court's entry of summary judgment was upheld) the Eleventh Circuit stated that,

> [t]he objective factor further considers a "scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. . . Notably, he fails to proffer any evidence, other than his own self-serving statements, to show that the ventilation was not sufficient. Kelley offers no evidence to show that his headaches were causally linked to his exposure to ETS. Thus, Kelley fails to objectively show that he was exposed to unreasonably high levels of ETS and that the risk to his health was so grave as to violate contemporary standards of decency. Kelley, 400 F.3d at 1284-85 (internal citations omitted).

Thus, the courts have dictated that in order to prevail upon a claim for exposure to ETS, a

plaintiff must do more than merely set out that the exposure is adversely affecting his health.  He

must present <u>evidence</u> showing that he is being exposed to ETS at a level that creates an

unreasonable risk of serious damage to his future health.  This, the plaintiff has failed to do.

In support of their motion defendants have presented the sworn affidavits of defendants

Roberts, Douglas and Ayers.  Although plaintiff has filed a response to each of the affidavits

submitted by the defendants his responses are not sworn and therefore fall short of constituting

evidence.  His statements in opposition to defendants' affidavits are just that - statements and

nothing more.  Although plaintiff states that he has health problems (such as an irregular

heartbeat) which are aggravated by his exposure to ETS, the affidavit of defendant Ayers makes

clear the fact that his medical records fail to reveal the existence of any serious respiratory or

cardiovascular problems.  Further, plaintiff was provided medical care when he sought treatment

for mild discomfort.  (Ayers, Aff. para. 2, 3).  A review of the record presently before the court

also makes clear the fact that plaintiff has presented no evidence which even remotely shows the

level of ETS to which he has been or is being exposed.

It is clear that upon summary judgment analysis the inferences to be drawn from the

underlying facts must be viewed in the light most favorable to the nonmoving party (plaintiff).

However, <u>when the nonmoving party has the burden of proof at trial, the moving party may carry</u>

<u>its burden at summary judgment either by presenting evidence negating an essential element of</u>

<u>the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate</u>

<u>that the nonmoving party cannot meet its burden of proof at trial.</u>  <u>Clark v. Coats & Clark, Inc.</u>,

929 F.2d 604, 606-608 (11th Cir. 1991) (emphasis added).  In this case the plaintiff has the

burden of proving at trial that the level of ETS to which he has been exposed poses an

unreasonable risk of serious harm to his future health.  As pointed out by the defendants in their brief in support of their motion, this plaintiff can not do. He has presented no evidence to carry his burden.  For this reason it is the **RECOMMENDATION** of the undersigned that defendants' motion for summary judgment be **GRANTED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

   **SO RECOMMENDED,** this 8th  day of March 2007.


                                        */s/ Richard L. Hodge*
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE